We are here on 525-0821 Baldwin et al. v. Ward Chrysler Center Inc. et al. And counsel for the appellant, I have Alex Marks. Yes, Your Honor. And you have co-counselor here today. Jared Montgomery. Good afternoon. Good afternoon. And on behalf of the appellee, Attorney Mark Johnson. Yes, sir. All right, counsel, are you all ready to proceed today? Yes, sir. All right, we'll report to the appellant. Mr. Marks, you'll be our counsel. Yes, sir. You may proceed. Thank you. Good afternoon. My name is Alex Marks. On behalf of the appellants, may it please the Court, my understanding is I have five minutes for rebuttal time. That's correct. This interlocutory appeal stems from the trial court's order denying a motion to compel arbitration. Plaintiffs purchased new vehicles from a defendant automobile dealership in 2017. More than seven years later, plaintiffs filed this action, alleging that they and other purchasers were fraudulently deprived from receiving manufacturer rebates. The documents memorializing this vehicle purchase included a stand-alone arbitration agreement. Despite the plaintiffs' judicially admitting having entered into those arbitration agreements, the trial court denied the dealership's motion to compel based on certain plaintiffs' belatedly asserting forgery. The dealership seeks a reversal of that trial court order. There is no dispute in Illinois that there is a strong policy in favor of enforcing arbitration agreements. Counsel, if I may interrupt, if we could just address a preliminary matter in terms of jurisdiction. I know there was an issue raised in terms of whether or not this court has jurisdiction in light of a pending motion to reconsider the trial court's ruling. I guess the question is, is that motion still pending in the trial court, first of all? It is unclear because the trial court did not take that motion up. We had filed it and asked to be heard upon it, and the time period to file an interlocutory appeal ran. I don't believe that the filing of that motion, which was not addressed by the trial court in any way, did divest this court from jurisdiction. The statute provided a period of time from which to file an interlocutory appeal based on an arbitration ruling, and such was timely filed. All right. You may proceed. Arbitration is an effective and cost-efficient way to informally resolve disputes while lessening the burden upon the trial court system. In this case, as with customers across the state of Illinois on a daily basis, arbitration agreements were entered into and signed as part of a vehicle transaction. Here there were dozens of papers that were signed as part of the transaction paperwork. One of them included a stand-alone arbitration agreement. There's also no dispute that the scope of the claims in this case, and asserted in the first amended complaint, fell within the scope of the arbitration agreement. The only issue was whether the plaintiff signed the agreement, which plaintiffs challenged for the first time in a sur response to the defendant's first motion to compel arbitration. After the defendants pointed out in their reply brief that the plaintiffs were relying on no longer applicable law to argue the arbitration agreements were unenforceable as unconscionable, that was the plaintiff's only initial defense to the arbitration agreements. The plaintiffs did not initially claim forgery or that they were far too reinduced to sign the arbitration agreement. Rather, only later they asked to amend their first and put into a first amended complaint those two assertions, pivoting away from the unconscionability defense, which was the only thing they initially asserted. In denying arbitration, the trial court made four errors. First, the trial court failed to resolve against the plaintiff's conflicting allegations in their first amended complaint as to entering into the arbitration agreements. Under Illinois law, a party may make inconsistent statements of fact in a pleading when the party is in doubt as to which statement is true. However, where the nature of the statements are such that the plaintiff must know which statement is true, inconsistent pleading is improper, and the pleading will be deemed ambiguous and resolved against the draft. Here, it was within the plaintiff's knowledge whether or not they entered into the arbitration agreements and whether or not those arbitration agreements contained their signature. Despite that, the plaintiffs pled in their first amended complaint conflicting allegations. Plaintiffs James and Vicki Ward and Gene Bullock pled that the executed arbitration agreements did not bear their signatures, in essence claiming forgery. Plaintiffs Larry and Deborah Baldwin contended that the signatures on the arbitration agreements appeared to be theirs. All plaintiffs, however, then claimed that they were fraudulently induced to sign the arbitration agreements, which would be a consistent statement as to the Baldwin's concession that their signature appeared on the paper, but a conflicting statement with the Warden's and the Bullock's claim of forgery. Simply, both can't be true, and the plaintiffs cannot have their cake and eat it also. Rather than resolving that conflict against the plaintiffs, the trial court held the defendants failed to establish the parties entered into the arbitration agreements. The trial court indicated it drew all reasonable inferences in favor of the nonmoving party, but in doing so, it first did not consider and resolve the conflicting pleading allegations. The plaintiffs did not address this issue in their response brief on appeal, and such first air goes unchallenged. With respect to those allegations you're referring to, are you referring to those in count four particularly? Yes, and it would be specifically paragraphs 40 and 41 of the first amended complaint, record pages 57 and 58. Now, weren't those applied in the alternative to support the theory of rescission of the contract? Were those not applied in the alternative? I don't believe they were applied in the alternative, but even if they were, counts may be applied in the alternative, but when it comes to inconsistent pleadings of fact, such is only permissible when one does not know which of the two is actually true. Again, here, a consumer or customer purchasing an automobile certainly would know whether or not they signed the document. Either they would recall it, or at least they would be able to look at the document and determine whether or not that contains their signature. Here again, we had the plaintiffs, three of the five plaintiffs saying it's not my signature, two of the plaintiffs saying it appears to be my signature, and then all five of the plaintiffs said we were fraudulently induced to sign the document. Therefore, the inconsistent pleadings of fact must be resolved against the pleader in that case. They might have sought alternate remedies, but the inconsistent pleading of fact, where the plaintiffs surely knew which of the two had to have been true, results in conflicting allegations that are not permissible. Second, the trial court failed to address the judicial admissions, both in the First Amendment complaint and in opposing the second motion compelling affidavits. And I'm going to cite to the paragraphs 40 and 41 I just mentioned. Paragraph 40, referring to Larry Baldwin and Deborah Baldwin, it says it appears to be their signature on the arbitration agreement. Paragraph 41, all plaintiffs were fraudulently induced to sign the arbitration agreements. Paragraph 41D, had plaintiffs known about the defendant's concealment of the available factory-mandated rebates to the plaintiffs, plaintiffs never would have entered into the arbitration agreements. Paragraph 41E, had plaintiffs known the defendants would later claim that by signing said pre-arbitration agreement forms, jumping ahead to the end of that allegation, plaintiffs would never have signed said pre-arbitration agreement forms. They then mimic those statements in their affidavits opposing the second motion to compel. All five of the plaintiffs, excuse me, said, had I known about the defendant's concealment of the factory-mandated rebates, I would never have entered into said arbitration agreement. These admissions, that they signed the documents, that they, even if fraudulently induced, that they signed them, that they entered into them, these admissions are clear, unequivocal, and uniquely within the plaintiff's personal knowledge. Rather than applying well-settled law addressing the judicial admissions, the trial court here held the exact opposite. It solely focused on limited portions on some, but not all, of the plaintiff's affidavits asserting that I did not sign the arbitration agreement, and held that the dealership failed to establish the parties entered into valid arbitration agreements. In so ruling, the trial court failed to even address the judicial admission issue within its ruling. The plaintiffs, apparently attempting to rectify that error, argued that their statements in the amended complaint and mimicked in the affidavit were not admissions, but rather mere inferences. Black's Law Dictionary defines an inference to be as a conclusion reached by considering other facts and deducing a logical consequence. So, for example, if I winced in pain, one could infer from that behavior I'm feeling pain. Here, in contrast, the plaintiff's statements, again, that they were fraudulently due to sign, that they never would have signed, that they never would have entered into, these aren't things that are inferences. These are plain statements of fact, clear and unequivocal factual statements, purely within the plaintiff's knowledge. Counselor, we're evaluating any error here in failing to consider these as judicial admissions under an abuse of discretion standard. Is that correct? I disagree with that, respectfully, Your Honor. I believe there should be a de novo standard applied to this appeal because no evidentiary hearing was held. I will note that this district has recognized, and this is in the Williamson Energy case, that there is a split of authority among districts regarding the appropriate standard of review to apply when analyzing whether a circuit court should have treated a statement as a judicial admission. But ultimately, this court held that under either standard, de novo or abuse of discretion as it comes to judicial admissions requires the statements that issue to be clear, unequivocal, and uniquely within the party's personal knowledge. Here, I don't think there can be any dispute. A statement, I was fraudulently due to sign, I would not have entered, I would not have signed this, those are clear statements, they're unequivocal, and they're uniquely within the party's personal knowledge. It's an admission that their signature is on the paper. We at least have to acknowledge that. So the trial court erred in failing to even acknowledge or analyze the judicial admission that were made in this case. Implicitly acknowledging, again, having entered into the arbitration agreements, the plaintiffs then argue before this court that the factual allegations for their underlying fraud claim, the alleged concealment of rebates, could serve as a predicate for the trial court to hold that they were fraudulently induced to enter into the arbitration agreements. Again, a concession that their signature is actually on the paper. If you compare paragraphs 23 and paragraphs 41 of the First Amendment complaint, they are identical, meaning that the plaintiffs are relying on the same identical allegations of underlying fraud, which obviously my client will dispute, but that's for down the road because the merits aren't at issue right now, but they merely take those same allegations as to what they claim to be the transactions underlying fraud and they repeat them and say that's how they were fraudulently induced to sign the arbitration agreement. Here, the plaintiffs misstate applicable law that such could serve to undermine or invalidate the arbitration agreement. The Coe case in Illinois, along with every other case that's addressed this issue in Illinois, as well as every other case addressing under Seventh Circuit or otherwise analyzed in the Federal Arbitration Act, has found that a claim of fraud in the inducement of the contract generally or the transaction generally, as opposed to the arbitration clause itself, is an underlying merits issue to be resolved by an arbitrator and is not an issue for the courts or a basis to invalidate the arbitration agreement. And if one were to accept the plaintiff's position that any time someone said, hey, I was fraudulently induced to enter into this transaction or I was duped or deceived in the transaction, somehow that would invalidate their contractual promise to proceed to private binding arbitration. No case would ever get to arbitration despite an agreement to arbitrate all disputes arising out of the transaction, including if they were allegedly defrauded. The courts would be flooded with additional cases that otherwise were contractually agreed to to be litigated in alternative dispute forms. The court's third, trial court's third error in this case, was based in its ruling on the fact that the dealership did not submit counteraffidavits in a reply brief in response to the plaintiff's opposition to the second motion to compel it. Normally, the requirements to provide counteraffidavits arise in situations like at summary judgment, where after the parties are at issue and usually have completed oral and written discovery, a move-in submits a vermin with its initial submission and the non-move-in seeks to contest or is obligated to contest, lest the move-in's assertions are accepted, the factual assertions made. Here, the dealership, as the move-in, provided the trial court with a stand-alone arbitration agreement. The agreement was executed. There were judicial admissions, as I just referred to, as to entry into that agreement, which removed those facts from contention, dispensing with the dealership's need to provide any further proof that the agreement was signed, executed, and enforceable. There were also, as we already discussed, conflicting allegations in the complaint that should have been resolved against the plaintiffs. As a result, there was no obligation to supply an affidavit as to entry into an arbitration agreement, not only with the initial motion, because there were already judicial admissions made, much less would it be proper, then, to have needed to do so in a reply brief when undoubtedly counsel would have said that this was improperly submitting information, not with the motion, but with a reply to which he did not have an opportunity to respond to. Which leads me to the fourth and final error, and I understand I have only one minute left. I'll be brief. To the extent the trial court believed any of the conflicting statements in the pleadings or the affidavits somehow created an issue of fact, the trial court also jumped the gun here and failed to set the matter for an evidentiary hearing to submit the plaintiffs to live testimony and cross-examining regarding their contradictory allegations and admissions, and allowing limited discovery on the alleged forgery issue. Did you request an evidentiary hearing, or did your client request an evidentiary hearing as well? In our reply brief, in support of the second motion to compel, we advised the court that because the judicial admissions and the conflicting allegations had been made, those facts were withdrawn from contention. But should the court believe that a fact issue existed, we requested that the matter be set for expedited discovery, limited discovery as to the signatures, and an evidentiary hearing, although we believe such was unnecessary if the trial court believed a fact issue existed, yes, it was requested. So that would be the fourth area. I see my time is up. Based on the foregoing, we believe that the trial court's order should be reversed, remanded with instructions that the dealership has met its burden that an arbitration agreement was entered into, or alternatively, with instructions to set the matter for limited discovery and an evidentiary hearing. Thank you. One moment, counsel. With regard to the issue of arbitrability, do you believe the arbitration agreement covers the issue of validity of the agreement? I'm sorry, I'm not following your question. You're asking if the standard arbitration agreement refers some things, arbitrability, to the arbitrator. The arbitrator decides what issues I'm going to arbitrate. Some issues are reserved to the court to determine if there is unconscionability or things like that. Validity of the agreement could have been delegated to the arbitrator as arbitrability, or it could have been vague, in which case that would still default to the circuit court. I don't believe that the... Certainly the trial court could have determined an unconscionability argument, which is what the initial argument was raised first. I don't believe there's been a challenge to the validity of the agreement, meaning somehow this is not a proper binding contract other than purely the signatures. And so on that, I think if the trial court believed there was a question of fact as to the signature, the trial court would be able to determine it. As here, as we posit, the trial court was required to accept the judicial admissions and or the conflicting statements. Once the trial court determines that there were signatures involved, the law then dictates anything related to the enforceability of this agreement, including an alleged claim of fraud in the underlying transaction, all goes to the arbitrator to decide if that answers your question or not. I think so. Thank you. Justice, do you have any questions? No, thank you. All right, thank you, Justice. Thank you. We'll have time for your level. Counsel for the appellee, Mark Johnson. Yes, Your Honor. Please record. I'm Mark Johnson. I represent the plaintiffs' appellees. Can I just quickly address Judge Bohn's question, which I think was well taken? And the answer is there is no delegation clause in this agreement. The arbitration agreement that's on file on record here, unlike the one in Renner Center, did not delegate the authority to determine the arbitrability or the validity of the arbitration clause to the arbitrator. So as a consequence, the Supreme Court, the United States Supreme Court's decisions in primary plaintiff, and more importantly, as Renner Center dictate, that they are determined by the court, not the arbitrator. I think that's what you're asking. Are you prepared to just... Go ahead. I'm going to ask you a question, I think. Were you prepared to discuss the issue of jurisdiction that Justice Bohn had raised initially? Here's the interesting thing about that. That occurred to me when this happened, because obviously the motion to reconsider was still pending. I appreciated the predicament it put opposing counsel in, and he was in a situation where he had to decide, do I timely file the appeal, or do I, you know, pursue with the motion to reconsider? And development has since occurred. Judge Sauberson, I don't know if you're all aware, has left the bench. So that further complicated it. So in an abundance of fairness on my part, I didn't raise the issue, because I thought it was the kind of thing that fairly ought to be considered, no matter what. If you don't raise it, though, the appellate court is bound to determine if we have jurisdiction. And are you familiar with the case of Minkoff vs. Unlimited Development? And in that case, they cite Crane vs. Bill Kaye's Downers Grove Nissan, and Bill Kaye's Downer, the Crane case, implies that we would not have jurisdiction in this case. And they talk about the four issues where there might be jurisdiction to say the situation they had, which is similar to our situation, doesn't fit under jurisdiction. Right. I'm aware of that implication, and I'm not sure how clear that is in that particular opinion. From my point of view, if he gets remanded back, I'm fine with that, too. I just simply chose tactically not to attack the jurisdiction issue out of an abundance of fairness to the other side. Because I want to get to this issue. Because I think it's a winner for us. So that said, if there's anything further, I want to continue. Why were they under the timeline they had to file their interlocutory appeal if there's still a motion pending? That was their concern, and that was expressed to me, and I indicated that I was not going to object to that. Okay. Thank you. If I can, let me start with the defendants cannot complain to this court now that the trial court erred in the way she conducted the hearing, and they expressly agreed to the way that hearing ought to be conducted. They stated, after we filed a First Amendment complaint, which, by the way, raises the issue of forgery. So they knew that when they filed their motion to stay. They also knew that they submitted some evidence, which was a copy of arbitration agreements and other sales documents. They, again, had the benefit of seeing all our evidence, which was affidavits from former employees of the defendant and deposition testimony of former managers of the defendant that said they committed this kind of fraud and did these kinds of things and involved in forgery. One of the ex-employees says his signature on the document was simply a forgery. That's their folks that worked for them that said that. So we presented that, and at that point, the judge asked, are we in a position to proceed? Both lawyers, for the plaintiffs and defendants said, there is a sufficient record, sufficient evidence in the record from our point of view. We submitted everything we could submit. And the defendants agreed and said yes. And they replied that there is a no evidence necessary, hearing was necessary over and above what was being submitted, and that there was a sufficient record and sufficient evidence in that record. Now, the interesting thing is that kind of ties into the standard of review here a little bit about an evidentiary hearing, so I'm going to address both at the same time if I can. The proper standard of review, Justice Bollinger, is, as you asked earlier, it's abuse of discretion. And the reason it is is because the court did conduct an evidentiary hearing. As Judge Cates observed in the Sturgill case, there is motions to stay in the arbitration are similar to and treated the same as a section 2619A9 or 2619C motion where you receive affidavits,  deposition testimony, that sort of thing. That's what we submitted. The defendants didn't submit any such evidence when they were given the opportunity. The fact that they asked for later in their reply after the time rule, they had lapsed from local rule to, hey, Judge, do you want any, if there's a question, the fact that you want a hearing on that, we'd like a chance to have a discovery. Well, that ship has sailed. They don't have the ability to, at that point, under local rule, neither did the judge, to give them the opportunity to submit additional evidence. They filed a motion knowing that we were claiming that the contracts weren't signed by all the parties. They knew that we were claiming fraud, that we had unsalable proof on before they even filed their motion. They submitted no counter affidavit that that's not even fraud. They didn't even bother to say, no, we didn't defraud these folks because they did. The only issue that I see here is they're basically looking at, if you look at what the judge said, is look, you can submit your arguments, and you can submit your evidence. They did, I did, and the court conducted a hearing. And the court issued a substantive ruling on that hearing, and that's reflected in our order. And the judge        I don't believe that a party like the defense can ask the court to render an advisory opinion on what evidence you want us to hear. That's just simply not appropriate. The trial court can't be an advocate and say, well, I'd like to see evidence from a former employee or something like that. So that's an improper request to begin with, not to mention it wasn't timely, as I said, because that ship had sailed for them. And it's also important to note that request for more discovery or a hearing on forgery doesn't make a request for the real issue in this case, which is the fraud, the unassailable, unrefuted fraud in the inducement of the arbitration agreement. They didn't even bring that up. They didn't even bother to deny it. We had affidavits that said that. We had ex-employees that said that. And we had signatories. Signature comparisons were often indicated from my folks as driver's license than that. Now they claim that in part of this that, well, you know, there's a question about everybody's signature. But in this situation, I think either standard, whether it's abuse discretion or de novo, is going to be found in our favor because our record is good. We have affidavits. We have depositions. We have exhibits. We have everything we need to demonstrate unassailable fraud. And the defendants did not dispute it. So it's deemed admitted on their part. The next thing that I want to      address is this issue about the enforceability and judicial admissions. We didn't make a judicial admission because that statement they're pointing out to is an inference on the previous allegations we made. And it was necessary under the holdings in code, the holdings in the United States Supreme Court's decision in Rent-A-Center and in this court's decision in BESS. It says we have to plead that we would never sign an agreement if we were fraudulently induced. Well, that's part of the problem. This inducement is from a concealment. Nobody knew about this until it was discovered later and brought this lawsuit. But you're talking about the rebates? Yeah. I mean, the countries don't know they got almost used a prophetic apostrophe. The countries don't know they got a rebate until this lawsuit came up. They were actually witnesses in the other case I was defending in Williamson County where I asked these people, did you get a  I got a subpoena from Chrysler. My folks here, these plaintiffs, didn't get the rebates. They've not denied that. The Bank of Henry, who's the bank for these folks, did a spreadsheet and said, in like a 10-month period, they defrauded people just in one senior credit facility over $300,000 in pocketing rebates. Now, back to the judicial mission. Even, they talk about one plaintiff. Plaintiff's lawyer, husband, and wife, both, single lady, say, we didn't sign it, it's not our signature. It's in their affidavit. They say,  the Baldwin's say it looks like our  And that's why I put in the affidavit. It appears similar, but they don't believe it's theirs based on other things. One of them is, the signature on behalf of the  in the  arbitration agreement was signed by a man named David Hano. I went and got his affidavit, talked to him. That's not my signature. Well, you swear to that?  Affidavit in the record of the court, that they forged David Hano's signature. And if that's the case, then that agreement is not valid because it has to be signed by everybody. Now, the judicial mission Yes. The real basic principle here, this being the defendant's motion to compel, they have a burden to carry here. That's correct. And they have to come forward with evidence. They do. So I just want to be  clear. Based on my review of the record, the evidence they brought forward would have been limited to the agreements themselves.  Is that correct? That's absolutely true. Did they furnish any affidavits? Nothing. And 2619 says, if we listen to Judge Cates as obviously litigants in the Fifth District here, then it's treated like a 2619 motion. Well, you better bring your affidavits. You better bring your evidence because you know in advance that we're contesting the forgeries of these documents. So why didn't they get an  from somebody that said, yes, that's a legitimate affidavit that we saw somebody sign it or have some proof. And the reason is because they're forgers. And the reason is Hano didn't sign it because he's an ex-  doesn't work there, told the jury, said, no, that's not my signature. Now, the inference we're talking about here and I agree with counsel's definition of  the fact is this, and it's a concealment case, our affidavit's pretty straightforward. It starts literally. It says, we were never told about an arbitration, never seen an arbitration agreement, never given a copy of one, and when we finally got one in this litigation and I showed it to my clients, they go, the word is in the  said, that's not our signature. And that's corroborated by the driver's license which is obvious. And Hano, on the other one, on behalf of the  never signed it. None of that stuff is refuted. They want to say the statement that they get to, which is, I'm going to find it exactly, which says, had basically we known about the concealment, we would have never signed it. That's the inference. Had we known, that's the fact, that we now infer, we would have never signed it. That simply confirms that Hano doesn't have our signature in the first place. And the principles that apply to judicial admissions are pretty straightforward. And one is, it's got to be a statement of a concrete fact. Well, this is not a concrete fact, it's an inference. Secondly, that determination is done in the trial court's sole discretion. The trial court in judicial admissions under the  case says that the trial court gets to decide the judicial admission. And in this case, the trial court, by the findings, found that it was not a judicial admission. It was,  an inference, which is exactly what it is. Because one of the other important principles is,  court, and I'll read it here, must be  the judicial, the statement alleged to be a  judicial admission, must be given a meaning within the context which it is found and must be considered in relation to the other testimony and evidence presented. And like I said, the context sequence is straightforward. We're telling them the affidavit. We don't know anything about the arbitration agreement. We never know what  other testimony is.    anything about the other testimony.           we don't know    anything  arbitration agreement. We never know what    So we don't know anything about the arbitration agreement. So  don't       So we  know anything about the arbitration agreement. And  don't   about the  court's attention to  United States Supreme Court case that is dead on point for us. It involved an employment situation context and arbitration so it  a contractual thing or fraud so    Supreme Court said the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which is part of the  We nonetheless required the Supreme Court to  the  allegations of fraud applied to the underlying transaction or apply to the arbitration agreement. It's clear you can do that. The case is Sturgill v. Santander Consumer USA and it's got the size 216 LAP 5th 14380 and I think the correct size should be 2016 LAP 5th  380. I think the correct size                   and      I  the correct size  be 2016           2016   380. I      think the correct     LAP 5th 380. I think     be 2016   380. I think the correct size should be 2016        size should be  LAP 5th 380. I think the correct size should        be 2016 LAP 5th             I think the correct size should  2016   380. I think the correct   be 2016               I  the correct size should be 2016 LAP 5th   think the correct  should  2016 LAP 5th 380. I think the  size should be 2016 LAP        5th   think the correct  should be     I think the correct size should   LAP  380. I think   the correct size should be 2016   I think the correct size should be 2016 LAP 5th I  the correct size should be 2016 LAP 5th I think the correct size          size  be 2016 LAP 5th I think the correct    2016 LAP 5th         LAP  I think         I think the correct size should be 2016 LAP  I think the correct size should   LAP 5th I think the   should be 2016   I       think the correct size    LAP          LAP 5th I                                     5th